FRANK HAAR, APPELLEE, V. FRANK HOWARD, APPELLANT.

FILED FEBRUARY 26, 1915.  No. 18,037.

1. **Appeal:** CONFLICTING EVIDENCE.  A verdict rendered upon conflict-ing evidence will not be set aside unless it is clearly wrong.

2. **Trial:** INSTRUCTIONS.  The instructions complained of, when con-sidered with those given by the court at defendant's request, *held* to submit all the issues in the case to the jury.

APPEAL from the district court for Pawnee county: JOHN B. RAPER, JUDGE.  *Affirmed.*

*Story & Story,* for appellant.

*J. C. Dort, contra.*

LETTON, J.

This action was brought to recover upon a protested check given to plaintiff in payment for a mare purchased from him by defendant, who was a dealer in horses.  De-fendant admitted his liability on the check, but pleaded as a set-off that he had purchased another mare from the plain-tiff, who fraudulently concealed her true character from him, and warranted her to be sound, but that she was a cribber and windsucker, was unsound, was worth only the sum of $92.50, instead of $185, which he paid for her, and that he was thereby damaged in the sum of $92.50, for which he asked to be credited on the amount due.  Plain-tiff recovered, and defendant appeals.

The first assignment of error is that the verdict is not sustained by the evidence.  There was a direct conflict in the evidence with respect to warranty and false represen-tations, but the clear preponderance was with the plain-tiff.  It is sufficient to sustain the verdict.

Complaint is made of the instructions given, and more specifically of instructions Nos. 8, 10 and 13, requested by plaintiff, for the reason that they eliminated as a set-off defendant's cause of action for deceit.  These instructions treated of the law with respect to breach of warranty.  Con-

sidered in connection with the instructions given at defendant's request, which covered the subject of defendant's right to recover on account of deceit and false representations, both defenses were submitted, and the defendant has no ground for complaint.

We find no prejudicial error in the two rulings of the court complained of with respect to the admission of evidence. The case turned upon an issue of veracity between a horse dealer, upon one side, and a young farmer living in Kansas, upon the other. The jury evidently believed the farmer and his witnesses and disbelieved the testimony of the horse dealer. Long experience has shown the writer that this is not an unusual result in suits of this nature.

We find no reason for reversing the judgment.

AFFIRMED.

ROSE and SEDGWICK, JJ., not sitting.